13957

GARRISON v. COCA COLA BOTTLING CO. *ET AL.*

(177 S. E., 656)

*Messrs. Workman & Simpson* for appellant,

*Mr. C. G. Wyche* for respondents,

December 6, 1934.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The plaintiff alleged in her complaint that on a named day she purchased of Dixie Stores, Inc., at one of its places of business in Greenville, S. C., a bottle of Coca Cola, which was opened for her and which she drank on the premises; that this bottle of Coca Cola was obtained by the defendant Dixie Stores from the defendant Coca Cola Bottling Company; that when she had drunk a portion of the contents of the bottle, she discovered that it contained some foreign substance or substances, which she found to be ground glass and a roach or a part thereof; that she was made ill, suffered great pain and lasting injury, and incurred much expense. She pleaded that the acts of the defendants were in breach of the implied warranty that the Coca Cola was wholesome, fit, and proper for human consumption. She asked for damages in the sum of $50,000.00.

The answers were general denials.

The case was heard by Judge Ramage and a jury, and resulted in a verdict for the defendants. The plaintiff appeals upon four exceptions, which impute error to the Circuit Judge in certain statements of his charge, and error in refusing certain of plaintiff's requests to charge.

On the call of the case in this Court, defendants' counsel moved to dismiss the appeal on the grounds that:

1. The original transcript of record was not filed with the clerk of the Circuit Court of Greenville County within twenty days after the case containing exceptions was agreed upon and settled.

2. That fifteen copies of the transcript of record were not filed with the clerk of the Supreme Court within twenty days after the case with exceptions was agreed upon and settled. .

3. That the Circuit Judge had no jurisdiction to extend the time for serving plaintiff's case and exceptions and filing her return without notice to the defendants.

It appears from the record that when the attorneys for the appellant served upon the attorney for respondents their proposed case with exceptions, respondents' attorney proposed amendments thereto, which were disallowed by the appellant's attorneys. Thereupon the latter gave to the former timely notice that they would appear before Judge Ramage at his chambers at Saluda, S. C., the 5th day of March to have the case for appeal settled. None of them appeared on the day set. Judge Ramage was then holding court at Beaufort. The 19th of March the appellant's attorneys mailed all the papers to Judge Ramage at Saluda, with a letter containing the statement that Mr. Dobson, who was handling the appeal for appellant, had been out of the State which accounted for the delay in sending the papers. A copy of this letter was served on respondents' attorney the day it was written and mailed, and on that day respondents'· proposed amendments. March 31st he granted

a letter in which it was stated that appellant's attorneys had not appeared on the day (March 5) fixed to hear the motion to settle the case, hence, under the rules, respondents' proposed amendments were allowed as a matter of course and no order was necessary; that the Court had lost jurisdiction because the appellant's attorneys failed to appear on the day fixed to hear their motions, and did not ask the Court to fix another day to hear it.

March 20th Judge Ramage made an order allowing the respondents proposed amendments. March 31st he granted an order to the effect "that plaintiff-appellant have an extension of twenty days in addition to the time allowed by the rule of the Supreme Court in which to make her return to the Supreme Court on her appeal herein." He states in the body of the order that it was granted because it was made to appear that the official stenographer was unable to furnish in time the transcript of all the testimony taken at the trial, which he had by his order of March 20th directed to be included in the case with exceptions. Later he granted a further extension for the same reason, and within that time the record was filed in the office of the Clerk of the Court for Greenville County and the printed copies filed in the office of the Clerk of the Supreme Court.

It would seem that the respondents have suffered no harm from the delays. It does not appear that their attorney appeared at the hearing set for March 5; he had a copy of the letter of March 19, which accompanied the papers to Judge Ramage. While he did not appear in person before Judge Ramage, he wrote to him the day the papers were sent him stating his position. The proposed case with exceptions was amended as he proposed. It was the incorporation of these amendments which made it necessary for the extension of the time for filing the papers. It appears from the record that it was impossible for the stenographer to furnish the transcript of this additional testimony sooner.

We are not unmindful of the holding of this Court in the case of *Wade v. Gore,* 154 S. C., 262, 151 S. E., 470. The Court stands by the ruling there made.

In the case of *Carolina Savings Bank v. Ellis et al.* (S. C.), 176 S. E., 355, filed September 28, 1934, under circumstances which showed less ground for the extension of time than appears in this case, the Court granted the extension asked for.

The motion to dismiss the appeal is denied.

The appeal on its merits challenges alleged errors in the charge, and omissions to charge.

The first exception is that it was error not to charge the fourth request, to wit: "Negligence may be established by circumstantial evidence."

There is no doubt of the correctness of that abstract proposition of law, and if it had been submitted alone as a request to charge and had been refused, the refusal would have been error. Instead, it was embodied in a request couched in this language: "I charge you that negligence may be established by circumstantial evidence. *Tate v. Mauldin,* 157 S. C., 392, 154 S. E., 431. Negligence on the part of the manufacturer may be inferred from testimony that small pieces of glass were found in the article purchased, together with evidence that the article was served in the original container to a customer."

It is the established rule of this Court that a request to charge is a unit, and must relate to but one subject, *Lorelnizo v. A. C. L. R. Co.,* 101 S. C., 409, 85 S. E., 964.

"It is well established that an appellant must stand or fall upon his request in its entirety; and if part is unsound, the Circuit Judge is justified in a refusal to charge the request as thus presented." *Earle v. Poat,* 63 S. C., 439, 41 S. E., 525, 527.

If the Circuit Judge had charged plaintiff's fourth request as it was presented, he would have committed reversible error. As constructed, the request was a plain charge upon

the facts. We need not stop to cite authorities to show that such charge is prohibited. It is sufficient to refer to Article 5, § 26, Constitution 1895.

The exception cannot be sustained. This disposes of Exception 2 as well.

■ The third exception charges error in the failure to charge plaintiff's fifth request, which is in the following words: "One who buys and consumes a food or beverage, manufactured or sold in a sealed package or bottle is not guilty of contributory negligence in failing to examine same for the presence of a foreign substance, before consuming the same."

The issue of contributory negligence was not made by the pleadings nor was it presented by the testimony. On the contrary, defendants' testimony was directed mainly to show that the plaintiff had herself inserted the foreign substances in the bottle. To have charged this request would have injected into the case an issue unrelated to the issues made by the pleadings or the testimony. The only effect would have been to confuse the issues and mislead the jury.

In *Jennings v. Clearwater Mfg. Co.*, 171 S. C., 498, 172 S. E., 870, 875, Chief Justice Blease for the Court said: "A trial judge should take care not to confuse the jury by charging them on legal principles which are inapplicable to the case on trial."

■ Error is charged to the trial Judge by the fourth exception for that he refused to charge plaintiff's seventh request, which is in the following words: "I further charge you that proof, if there is such proof, that a bottle of Coca Cola contained glass and a bug or roach, is a circumstance which you may consider in determining whether or not such glass was left in the bottle by the Company when it was filled, and this though proof be made by the Company that the bottling was done with the latest and most improved machinery, and that careful inspection was made of the bottle that was sold."

Here is so palpable a charge on the facts that it would have been reversible error to grant the request. A cardinal issue in the case was: Were the foreign substances left in the bottle through the negligence of the company in the operation of bottling it, or were the foreign substances inserted in it by the plaintiff? To these phases of the question each party offered testimony. This request directs, by way of argument, the jury's attention to what testimony it may consider on behalf of the plaintiff and ignores the testimony of the defendants on the same issue.

There was no error in refusing the request to charge.

At the conclusion of the argument in this Court on the appeal, counsel for plaintiff moved the Court "to take cognizance of the unnecessary testimony required by respondents to be incorporated in the transcript of record on this appeal, and tax the costs of same against the respondents." Due notice of this motion was given respondents' attorney, and argument on the motion was heard by this Court.

The record does not contain the case with exceptions as it was first proposed by the appellant. It is, however, gathered from the statement that it contained the testimony of one of plaintiff's witnesses, probably the plaintiff. The appeal stands upon four exceptions to alleged erroneous charges and refusals to charge. These made only questions of law not in any wise dependent for solution on the evidence. It was therefore unnecessary to print any of the testimony.

The history of the litigation could well have been included in the statement. As appellant printed the testimony of one of her witnesses, she must pay for it. Her action of inserting the testimony of one of her witnesses did not justify the printing of all of the testimony, and since that was done on the insistence of the defendants, they must pay for it.

"Only the necessary and pertinent testimony to which one or more exceptions relate shall be printed, and in case

more than the necessary testimony is printed, then the Court shall tax the cost of all testimony unnecessarily printed against the offending party." Section 29, Vol. 1, Code Civil Procedure 1932.

This is a provident law made for the protection of the litigants as well as for that of the Courts. In a recent case, *Anderson v. Ætna C. & S. Co.*, and *Hines* (S. C.)—S. E., —, the Court called this matter to the attention of the members of the Bar.

The judgment of this Court is that the motion to dismis the appeal be denied.

That the judgment of the lower Court be affirmed.

That the motion of plaintiff be granted, and that the costs be taxed against the respondents for the printing of the testimony other than that which was included in the first proposed case with exceptions; that shall be paid by plaintiff.

MESSRS. JUSTICES STABLER and CARTER, and MESSRS. ACTING ASSOCIATE JUSTICES G. DEWEY OXNER and A. L. GASTON concur.