18698

Dawson BRADLEY, Respondent, v. Joe B. KELLER, Appellant

(156 S. E. (2d) 638)

144

*Messrs. Leatherwood, Walker, Todd & Mann,* of Green-ville, *for Appellant,*

*Messrs. Abrams, Bowen & Townes,* of Greenville, *for Respondent,*

August 29, 1967.

BUSSEY, Justice.

In this action plaintiff-respondent recovered a verdict in the amount of $3,800.00, actual damages only, for injuries resulting from being knocked off of a bicycle by an automobile operated by defendant-appellant. Appeal is from the trial court's denial of motions of defendant for a new trial and for judgment *non obstante veredicto.*

Defendant's first contention is that plaintiff is barred from recovery because of contributory negligence on his part. It is elementary that in determining this issue, all of the evidence and the inferences reasonably deducible therefrom have to be viewed in the light most favorable to the plaintiff. The facts are, therefore, stated in the light of the foregoing principle, only a brief recitation thereof being needed for the disposition of all issues raised by the appeal.

Plaintiff, a 65 year old man, was riding his bicycle in a northerly direction on Franklin Road, a through street in the Sans Souci section of Greenville County, on the afternoon of February 24, 1966. The defendant was driving his

Ford automobile in a westerly direction on Berkley Avenue, there being stop signs on Berkley Avenue at its intersection with Franklin Road. As plaintiff and defendant approached the intersection any obstructions to their respective views of each other were very minimal. At the time there was another car traveling in a southerly direction on Franklin Road driven by a Mr. Martin, and a red car, driven by an unidentified driver, approaching the intersection traveling in an easterly direction on Berkley Avenue. Defendant stopped for the stop sign, and then pulled on into the intersection, striking the rear portion of plaintiff's bicycle, damaging the same and throwing plaintiff against the pavement. Defendant admittedly never saw plaintiff before the impact, was uncertain as to just whom or what he had hit, admitted to numerous people that the accident was "his fault", and, among other things, testified that he was watching the red car on Berkley Avenue to the west of the intersection as he entered the same. The plaintiff was riding his bicycle in proper position to his right of Franklin Road. While the evidence does not establish the precise point of impact, it is clearly inferable that plaintiff had nearly crossed the intersection when struck.

The accident happened not later than 5:20 P. M., the time fixed by the defendant. The afternoon was cloudy and the streets were wet, but it was not raining. The defendant testified that he had on his parking lights because it was dark enough that he wanted other people to be able to see him. There was other evidence that it was full daylight at the time, and the court will take judicial notice of the fact that the sun set in Greenville on the day of the accident at least one hour after the accident. There were no lights on the bicycle and no suggestion in the evidence that there were lights on any vehicle other than defendant's car.

Assuming, as contended by defendant, that there was no recklessness or willfulness on his part, so that simple contributory negligence on the part of the

plaintiff would be a bar to recovery, and that the plaintiff failed to observe the defendant's car until the moment of the impact, the issue of contributory negligence was still properly submitted to the jury. It is well settled in this state that where inferences properly deducible from the evidence are doubtful, or if they tend to show both parties guilty of negligence or willfulness, and there may be a fair difference of opinion as to whose act produced the injury complained of, the question of proximate cause is for the jury. See cases collected in West's South Carolina Digest, Negligence, 136(25).

As plaintiff approached the intersection on a through street, he was not only meeting a car, but cars were approaching the intersection from both his left and right, and in the exercise of due care he was required to observe all traffic. Had he kept his entire attention on traffic approaching from his right, as he approached, entered and crossed the intersection, the most he could have observed was the defendant's car, either stopped or coming to a stop, at the stop sign, and in the absence of anything which would reasonably put him on notice to the contrary, he would have been entitled to assume that the defendant would drive according to the law and remain stopped until plaintiff cleared the intersection. We are not convinced that the evidence is susceptible of no other reasonable inference than that the plaintiff was guilty of negligence, but·even if we assume that he was, the question of proximate cause was still clearly a jury issue.

Defendant contends that there was error on the part of the trial judge in submitting the issue of punitive damages to the jury. We need not consider whether there was any error in this respect since the verdict was for actual damages only, and there was no prejudice to the defendant. See the long line of cases collected in West's South Carolina Digest, Appeal and Error, 1068(4), none of which we are even asked to overrule.

The only other error imputed to the trial judge is his refusal to charge the defendant's following request.

"If the failure of the plaintiff to have his bicycle equipped with lights was a proximate cause of the accident, the plaintiff is not entitled to recover."

The quoted request was properly refused as an incomplete and erroneous proposition of law. No question of proximate cause could arise unless and until the jury should conclude that the plaintiff was negligent in failing to display lights on his bicycle. By omitting this element of the defense from the instruction, the court would have impliedly told the jury that plaintiff was negligent in this particular and that they need concern themselves only with the issue of proximate cause. Certainly, the evidence does not sustain this inference as a matter of law, and the instruction would have amounted to an unjustified invasion of the province of the jury. There is no duty on the part of the trial judge to dissect a request to charge, which contains error, in order to extract therefrom any unobjectionable part and grant it. *Jeff Hunt Machinery Co. v. South Carolina State Highway Dept.,* 219 S. C. 340, 65 S. E. (2d) 260, and other cases collected in West's South Carolina Digest, Trial, 261. We might add that portions of His Honor's charge dealing with the absence of lights on the bicycle in some respects accorded the defendant more favorable treatment than the evidence entitled him to.

The exceptions are all without merit and the judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD, and LITTLEJOHN, JJ., concur.