19743

Velta Jane EDENS, Appellant, v. Arthur T. COLE, Jr., Respondent
(201 S. E. (2d) 382)

*Luther M. Lee, Esq.,* of Columbia, *for Appellant,* cites:

558

*Hoover C. Blanton, Esq.,* of *Whaley, McCutchen, Blanton & Dent, for Respondent,* cites:

*Luther M. Lee, Esq.,* of Columbia, *for Appellant, in Reply.*

December 13, 1973.

Moss, Chief Justice:

Velta Jane Edens, the appellant herein, instituted this action by the service of a Summons and Complaint on December 29, 1970, against Arthur T. Cole, Jr., the respondent herein, to recover damages for alleged injuries sustained by her on January 3, 1965, while she was riding as a passenger in his automobile. The appellant alleges that her injuries were proximately caused by the negligence, carelessness, willfulness, and wantonness of the respondent.

The answer of the respondent set forth a general denial. He asserted the appellant was a guest passenger in his automobile and further asserted a plea of sudden emergency.

The case came on for trial before The Honorable Dan F. Laney, Jr., presiding judge, and a jury, at the 1973 January Term of the Court of Common Pleas for Richland County. At the conclusion of all of the evidence both parties moved for a directed verdict, and the motions were denied. The jury returned a verdict for the respondent. Following the rendition of the verdict, the appellant requested the trial judge "to set this verdict aside on the ground that it is

against the greater weight and preponderance of the evidence". The motion was denied and this appeal followed.

The record shows that there were two companion cases pending against the respondent, one by appellant's husband and the other by her daughter. The instant case was reached for trial at the 1972 November Term of the Court of Common Pleas for Richland County. Counsel for the appellant moved for a continuance of the case giving as his reason that a material witness, the husband of the plaintiff, was out of the State on active military duty. This motion was opposed by the respondent, it being pointed out that a similar motion, for the same assigned reason, was made at the 1972 September Term of the Court of Common Pleas, and such motion was not opposed by the respondent because of the assurance that the case would be tried at the 1972 November Term of Court. Judge James A. Spruill, Jr., who was then the presiding judge, indicated that he would not grant the motion for a continuance. Thereafter, counsel for the respective parties conferred privately and announced to the court that an agreement and stipulation had been reached, whereby the instant case would be consolidated with the two companion cases for a single trial and would be tried at the 1973 January Term of Court. It was also stipulated that the appellant and the plaintiffs in the two companion cases would not present any medical witnesses at the trial other than Dr. James T. Green, Dr. W. William Ledyard, Dr. Richard W. Thomas and Dr. Welbourne A. White. With this stipulation, counsel for the respondent withdrew his objection to the motion to continue and the case was then continued. The foregoing stipulation was incorporated into a consent order and filed, on November 28, 1972, by Judge Spruill.

The respondent, pursuant to Circuit Court Rule 90, served written interrogatories upon counsel for the appellant seeking the names of all physicians who had treated her. In answer to these interrogatories, the physicians, whose names

are hereinbefore set forth, were identified as the ones who had treated the appellant with reference to the alleged injuries sustained by her on January 3, 1965. Pursuant to the information revealed in the answers given to the interrogatories, counsel for the respondent took the depositions of the four physicians above named.

It further appears that Dr. Richard W. Thomas, one of the physicians who had treated the appellant, died in March of 1972, and, thereafter, the appellant was under the medical care and treatment of one Dr. David R. Hobbs. The appellant did not comply with Circuit Court Rule 90(c) by promptly transmitting to the respondent the fact that she was under the medical care and treatment of Dr. Hobbs.

The appellant, prior to trial, noted a motion that she would move for an order relieving her from the stipulations contained in the order of Judge Spruill, filed with the court on November 28, 1972, on the ground that two of her material medical witnesses would not be available to testify at the trial of the case at the 1973 January Term of Court for the reason that Dr. William Ledyard was on a one year leave of absence commencing January 1, 1973, and Dr. James T. Green was disabled. It was further set forth that Dr. Richard W. Thomas had died and would not be available as a witness, and his medical records were subsequently taken over by Dr. David R. Hobbs, whose services had been engaged to continue her treatment. It was further asserted that as a consequence of the foregoing events, the appellant would be forced to trial without the benefit of material medical witnesses. This motion was denied.

The appellant charges the trial judge with error in refusing to relieve her from the stipulations contained in the order of Judge Spruill. Whether or not a party to an action may be relieved from stipulations entered into in the course of judicial procedings, is addressed to the sound judicial discretion of the trial judge, and the

determination of the question of granting such relief will not ordinarily be interferred with by an appellate court except where there is a manifest abuse of discretion. 83 C. J. S. Stipulations § 34, at page 88; 50 Am. Jur., Stipulations, Section 14, at page 613; *Brown v. Pechman,* 55 S. C. 555, 33 S. E. 732; and *Daniel v. Ray,* 19 S. C. L. (1 Hill) 32.

The trial record shows that the depositions of Drs. Ledyard and Green were published as evidence for the appellant. A single page report by Dr. Green was introduced into evidence by the respondent. The deposition of Dr. Thomas was also available to the appellant and could have been offered in evidence if she had been so advised.

At the time the stipulations were agreed upon, Dr. Richard W. Thomas was deceased and certainly this fact was known to the appellant, because she now asserts that upon his death Dr. David R. Hobbs became her attending physician. If she desired to use Dr. Hobbs as a medical witness, such could have been accomplished by her compliance with Circuit Court Rule 90(c) and by including him as a medical witness in the stipulation. Having failed to do either, she now cannot be heard to complain.

The record and the circumstances heretofore referred to justified the ruling of the trial judge in refusing to relieve the appellant of the stipulations made by her. In so ruling there was no abuse of discretion.

The appellant charges the trial judge with error in issuing an interlocutory order requiring consolidation of the companion cases for trial, and particularly the companion case of her husband.

The short answer to this contention is that the attorney for the appellant, for her husband, and for her daughter, consented to a consolidation of the three cases for trial and such was incorporated in the order of Judge Spruill hereinbefore referred to. In the case of *McKinney v. Greenville*

*Ice & Fuel Company,* 232 S. C. 257, 101 S. E. (2d) 659, we said:

"Where the parties are not the same, several cases may, by their consent, but not otherwise, be tried together for convenience."

The motion of the appellant to be relieved of the stipulations contained in Judge Spruill's order did not request any relief from that portion thereof that consolidated the cases for trial. The consolidated cases were called for trial at the 1973 January Term of the Court of Common Pleas for Richland County. Rowena Edens was granted a voluntary nonsuit and was thus eliminated from the trial. The consolidated cases of the appellant and her husband were tried and verdicts were rendered for the respondent in both cases. Only the appellant has perfected an appeal to this Court. There was no appeal by her husband. Whether or not appellant's husband had been prejudiced by the consolidation is not a matter open for consideration in her appeal. There is no merit in the contention made by the appellant.

The appellant alleges error on the part of the trial judge in his refusal to grant her motion for a continuance, thereby forcing her to forego scheduled hospitalization and to go to trial against the advice of her physician. The trial judge concluded that the contemplated hospitalization of the appellant was not of such a nature as to necessitate postponement of the trial of this case. The trial judge in refusing the motion for a continuance considered all of the surrounding circumstances, including a statement from appellant's attending physician.

It is well settled that a motion for a continuance is addressed to the sound discretion of the trial judge and this Court will not upset his ruling unless it clearly appears that there was an abuse of discretion. *Timmons v. Tricentennial Commission,* 254 S. C. 378, 175 S. E. (2d) 805. We find nothing in this record to show that the trial judge abused his discretion in refusing the motion for a continuance.

The appellant charges the trial judge with error in refusing her motions for a directed verdict and judgment *non obstante veredicto* on the ground that the only reasonable inference to be drawn from all of the evidence was that the respondent was operating his automobile at a high, reckless, wanton and willful speed of 90 to 95 miles per hour and that her injuries were directly and proximately caused by such operation. It is elementary that in passing upon the foregoing question the court was required to view the evidence and all inferences reasonably deducible therefrom in the light most favorable to the respondent. *Wilson v. Marshall,* 260 S. C. 271, 195 S. E. (2d) 610.

Each of the parties to this action, at the close of all the testimony, moved for a directed verdict and the motions were denied.

The appellant was riding in an automobile being operated by the respondent and was returning from a visit to her husband's parents. The appellant was occupying the back seat of the Cadillac automobile. She testified that the respondent was driving the automobile at a speed of approximately 80 miles per hour and that she cautioned him thereabout. She testified that when they were some 30 to 35 miles from Columbia, traveling at a speed of 90 or 95 miles per hour on Interstate Highway 26, she saw a dog coming onto the road from the right and called the respondent's attention to it. In an effort to avoid striking the dog she said that the respondent left the road and pulled to his right on the gravel shoulder and thereafter swerved back and forth across the pavement of said highway throwing her against the car on the right side and causing her to fall upon the floor of the automobile with resulting injuries, for which she seeks damages.

It appears from the record that on January 4, 1965, the day after this took place, Ira A. Edens, the husband of the appellant, prepared a written statement as to what had hap-

pened. The appellant signed the statement. When she was confronted with this statement it was offered in evidence by her. It appears that she was riding with her children in the right rear seat of the Cadillac automobile operated by the respondent. Riding in the front seat was the husband. We quote the following from the statement:

"At about 7 o'clock P. M., we had reached a point on Interstate Highway 26 about 30 miles north of Columbia, South Carolina. We were traveling in the southbound lane of this superhighway. There were two southbound and two northbound lanes. Mr. Cole was driving in the right hand lane going south. As we were traveling down a long steep hill I saw a dog suddenly run in front of the car and hollered, 'look out, there's a dog in the road.' Mr. Cole moved toward the right in an effort to avoid hitting the dog. The automobile swerved to the right and then across the road to the left shoulder. Mr. Cole then straightened up the automobile in the right hand lane facing in a southerly direction. As the automobile swerved to the right, I was thrown first to the right side of the car; and as it swerved back to the left, I was thrown to the left side of the car; and finally was thrown into the floorboard in the back seat."

The deposition of the appellant was taken in December of 1971, and at that time she gave a version of what had happened which was wholly inconsistent with the statement that had been signed by her on January 4, 1965. It is apparent from the written statement that she did not charge the respondent with driving at any excessive rate of speed nor that she had cautioned him against such.

Ira A. Edens, a legal assistant in a law office, testified that after interviewing his wife he prepared the statement hereinbefore quoted, had her to read it and then sign it, and he witnessed her signature thereto. He described the statement as being fair, honest and factually true. He said that he prepared the statement for the purpose of reporting the accident. Since the husband was a legal assistant, it can be

assumed that he knew how to prepare an accident report and what was essential to be included therein. It is apparent from the statement prepared by the husband and signed by the wife that there is nothing that would give rise to an inference of recklessness, willfulness or wantonness on the part of the respondent.

At the trial of this case the respondent offered no testimony. It is the position of the appellant that since the testimony in her behalf was not contradicted that she was entitled to a directed verdict. We think not.

The fact that testimony in behalf of the appellant was not contradicted by direct evidence did not have the effect of making it undisputed or placing the stamp of verity upon it. It was for the jury to pass upon the credibility of the testimony of the appellant, taking into consideration her interest in the result, the accuracy of her recollection and all of the circumstances tending to impeach her as a witness or discredit her testimony. *Jackson v. Jackson,* 234 S. C. 291, 108 S. E. (2d) 86.

It is our conclusion that the trial judge properly refused the motions of the appellant for a directed verdict or judgment *non obstante veredicto.*

The appellant asserts that the trial Judge erred in charging the guest statute, Section 46-801 of the Code, to the jury.

The evidence reveals that the appellant, her husband and children, and the respondent were making a trip from Columbia to Pickens to visit relatives of the husband of the appellant. The only reasonable inference that can be drawn from the evidence is that the primary purpose of the trip was social in nature. The husband of the appellant testified that after they left Columbia they stopped on the outskirts of the city and had the car serviced, and that he paid for the servicing. There is no evidence here of any express pre-arrangement between appellant's husband and the respond-

ent for the sharing of the expenses to be incurred on the trip in question.

> It is a general rule of wide acceptance that the sharing of the cost of operating an automobile on a trip, when the trip is undertaken for pleasure or social purposes and the invitation is not motivated by, or conditioned on, such contribution, is nothing more than the exchange of social amenities and does not transform into a paying passenger one who without the exchange would be a guest. Under this rule, contribution toward the cost of gasoline and oil does not relieve the rider of his guest status within the meaning of the statute. In this connection attention is directed to 60A C.J.S. Motor Vehicles § 399.11b; 10 A.L.R.2d page 1351; and 39 A.L.R.3d, page 1224.

Under the evidence in this case a jury issue was presented as to the status of the appellant and there was no error on the part of the trial judge in charging the guest statute.

> The appellant charges the trial judge with error in permitting her to be questioned about a document that was not in evidence.

It appears that on January 5, 1965, the appellant was examined by Dr. James T. Green and, thereafter, he sent the appellant a written report as a result of that examination. Upon cross examination by the respondent, the appellant identified the report of Dr. Green and the respondent had it so marked. He then cross-examined the appellant about the report and at the proper time offered the report in evidence without objection being made thereto by the appellant. Thereafter, the appellant offered the deposition of Dr. Green in evidence. The text of the report of January 5, 1965, was incorporated in this deposition. We find no error on the part of the trial judge in permitting the appellant to be questioned about the report of Dr. Green.

> The appellant asserts that the trial judge was in error in refusing her written request to charge the following: "Section 46-342. Reckless driving; penalties; suspension of driver's license for second offense."

Portions of the statute which the appellant requested the trial judge to charge were inapplicable to any facts appearing in this record.

The trial judge, in refusing the appellant's request to charge, followed the well established rule that a party must stand or fall on a request to charge in its entirety, and, if part is unsound, refusal to charge as requested is justified. *Garrison v. Coca-Cola Bottling Co.,* 174 S. C. 396, 177 S. E. 656. Each request to charge is a unit and a trial judge is not called upon to separate a request to charge into parts, charging such as are sound and rejecting such as are unsound. *Lorenzo v. Atlantic Coastline Ry. Co.,* 101 S. C. 409, 85 S. E. 964.

In *Bradley v. Keller,* 250 S. C. 143, 156 S. E. (2d) 638, we held that there was no duty on the part of a trial judge to dissect a request to charge, which contains error, in order to extract therefrom any unobjectionable part and grant it.

Under the foregoing rule, there was no error on the part of the trial judge in refusing to charge Section 46-342 of the Code.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.

LEWIS, J., not participating.